IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-157-BO-RJ

ESTATE OF JARED PEELE, by and )
through ADMINISTRATOR PATRICIA )
PEELE and PATRICIA PEELE, )
INDIVIDUALLY, )
 )
Plaintiffs, )
 )
v. )          O R D E R
 )
UNITED STATES OF AMERICA, )
 )
Defendant. )

This cause comes before the Court on defendant's motion to dismiss the individual claims

of Patricia Peele. No response to the motion has been filed, and the time for doing so has expired.

In this posture, the motion is ripe for disposition. For the reasons that follow, the motion to dismiss

is granted.

BACKGROUND

Plaintiffs initiated this action by filing a complaint on November 6, 2024. On November

13, 2024, an amended complaint was filed. Plaintiffs' amended complaint alleges claims against

the United States pursuant to the Federal Tort Claims Act (FTCA) arising from the death of Jared

Peele following medical treatment he received at the Rural Health Group at the Halifax Regional

Medical Center. Plaintiff Patricia Peele has also alleged claims against the United States

individually for negligent infliction of emotional distress and loss of consortium.

Defendant moved to dismiss the individual claims of Patrica Peele pursuant to Fed. R. Civ. P. 12(b)(1) for failure to exhaust and because the loss of consortium claim is not cognizable under North Carolina law. Plaintiffs have not responded to the motion to dismiss.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

The United States and its agents, acting within the scope of their official government employment, generally enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of sovereign immunity, however, providing the exclusive remedy for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). Because the FTCA is a waiver of sovereign immunity, plaintiffs "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). Critically, " [t]he FTCA bars claimants

2

from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). This requirement is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Here, the United States has proffered the Declaration of Jonathan Meyer, an attorney in the Office of General Counsel at the Department of Health and Human Services, which shows that an administrative claim has not been filed by Patricia Peele, individually. [DE 7-1]. Plaintiff Patricia Peele has failed to rebut this evidence or otherwise satisfy her burden to show that she has exhausted her administrative remedy and that the Court has subject matter jurisdiction over her claims. The claims of Patricia Peele, individually, are therefore properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 6] is GRANTED. The claims of plaintiff Patricia Peele individually are DISMISSED.

SO ORDERED, this __1__ day of April 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3