UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:24-CV-00157-BO-RJ

THE ESTATE OF JARED PEELE, by
and through, ADMINISTRATOR
PATRICIA PEELE, AND PATRICIA
PEELE, INDIVIDUALLY,

  Plaintiff,

  v.

UNITED STATES OF AMERICA,

  Defendant.

)
)
)
)
)
)
)
)
)
)
)

REPORT OF THE PARTIES'
PLANNING MEETING
Fed. R. Civ. P. 26(f)

Pursuant to Federal Rules of Civil Procedure 26(f), a meeting was held by telephone on April 9, 2025 and was attended by counsel identified below.

**1. Participants in the Rule 26(f) conference:**

For Plaintiff by: James E. Rogers, of James E. Rogers, PA, Durham, North Carolina; work hours: 8:30 a.m. to 5:00 p.m.; contact information in signature block.

For Defendant United States by: Sharon C. Wilson, Assistant United States Attorney; 9:00 a.m. to 5:30 p.m.; contact information in signature block.

The Estate's claims against the United States, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et. seq.* under North Carolina tort law, seek recovery for alleged medical negligence resulting in the death of Jared Peele. The Court dismissed the individual claim of Plaintiff Patricia Peele. DE 10.

1

During the Rule 26(f) meeting, the parties' counsel discussed the parameters set out in the form Report of the Parties Planning Meeting, Local Civil Rules (May 2023) and the Federal Rules. The parties jointly submit in response the following. Where the parties disagree, their positions are set out separately.

2.     **Rule 26(a)(1) Mandatory Initial Disclosures**

Rule 26(a)(1) mandatory initial disclosures will be served, pursuant to the Rules, on or before <u>April 30, 2025</u>.

Each party **will produce documents in hard copy or pdf file format or both**, *in addition to* identifying, listing, or designating documents by category pursuant to Rule 26(a)(1)(A)(ii).

The parties agree to electronic service, including initial and subsequent disclosures, discovery requests, discovery responses, and all responsive materials, via email, an electronic drop box, or similar electronic data sharing platform.

3.     **Discovery Plan**

Discovery will be conducted in one ongoing stream with staggered designations of proposed expert witnesses with Plaintiff's compliance with Rule 26(a)(2)(B) and 26(a)(2)(C) preceding Defendant United States's compliance as contemplated under the Rules. *See* footnote 1.

(a)     **Scope of Discovery**

Discovery will be needed by all parties on liability and damages.

Documents *will be produced* during discovery, not just identified, described, or designated.  Each party has a duty to redact, per Rule 5.2 of the Federal Rules of Civil

Procedure, unless the documents are ordered to be filed under seal without redaction per Rule 5.2(d). Plaintiff waives the protection of Rule 5.2(a) if they file documents without redaction or not under seal. FRCP 5.2(h).

Discovery materials are not to be filed unless ordered by the Court for use in a proceeding. Local Civil Rule 26.1(a).

Pursuant to Local Civil Rule 26.1(a)(1), when medical records are filed in response to a court order or for use in a proceeding, the "medical records must be accompanied by a motion to seal as provided in Local Civil Rule 79.2."

**(b)     Discovery Deadlines**

Discovery will close on: <u>March 31, 2026</u>.

Pursuant to Local Civil Rule 26.1(b), all discovery that requires a response by opposing counsel shall be served by <u>February 27, 2026</u> to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed. *See* Local Civil Rule 26.1(b) ("All discovery shall be served so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed.").

3

**(c)  Expert Witnesses**

Disclosures[1] pursuant to Rule 26(a)(2)(B) and Rule 26(a)(2)(C) are due from:

1.  Plaintiff by: <u>July 31, 2025</u>.

2.  Defendant by: <u>September 30, 2025</u>.

3.  Rebuttal witnesses.

All rebuttal pursuant to Rule 26(a)(2)(D)(ii) shall be served on or before thirty (30) days after the other party's disclosure. Defendant United States's rebuttal to the experts of Plaintiff, however, shall not be due until the *later* of thirty (30) days after the deadline for Plaintiff's service of 26(a)(2)(B) expert reports and 26(a)(2)(C) summaries or Defendant United States's deadline for service of expert reports.[2]

**(d)  Interrogatories.**

Interrogatories shall be limited to a maximum of <u>25</u> (twenty-five) interrogatories by each party to any other party. Responses are due thirty (30) days after service.

Per Local Civil Rule 33.1, at the time of service of the discovery request or as soon thereafter as is practicable, the party promulgating discovery shall serve an

---

[1] The Rules prescribe that the trial court will set the timing for the disclosure of experts "in a scheduling order under Rule 16(b)." *See* 1993 Advisory Committee Note, Fed. R. Civ. P. Rule 26, sub-division (a)(2).  The Rules, further, contemplate that "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." *Id.; see Neal v. US*, 5:11-cv-126(D) (DE 13-14); *Richardson v. US*, 5:08-cv-620-D (DE 11, 13).

[2] This standard paragraph is requested to prevent Plaintiff, who has had a several year head start investigating this case, from serving expert report(s) next week. The United States would not be in a position to rebut within the 30 days provided under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

4

electronic copy of the interrogatories in Word format to facilitate responses. The parties agree to electronic service of interrogatories and responses thereto.

**(e)      Requests for Production**

The Federal Rules of Civil Procedure do not limit the number of requests for production of documents and the parties do not agree to a limit on the number of requests for production of documents.

Per Local Civil Rule 34.1, at the time of service of the discovery request or as soon thereafter as is practicable, the party promulgating discovery shall serve an electronic copy of the interrogatories in Word format to facilitate responses. The parties agree to electronic service of requests for production of documents and to electronic service of the documents/material responsive to the requests.

**(f)      Requests for Admissions**

The Federal Rules of Civil Procedure do not limit the number of requests for admissions and the parties do not agree to a limit.

Per Local Civil Rule 36.1, at the time of service of the discovery request or as soon thereafter as is practicable, the party promulgating discovery shall serve an electronic copy of the interrogatories in Word format to facilitate responses. The parties agree to electronic service of requests for admissions and responses thereto.

**(g)      Depositions**

Not including *de bene esse* depositions, FRCP 30(a)(2)(A)(i), which the parties agree are not discovery, depositions shall be limited to a maximum of

- <u>10</u> depositions by Plaintiff Estate of Jared Peele; and

5

- <u>10</u> by Defendant United States.

Each deposition is limited to a maximum of <u>4</u> hours unless extended by written agreement of the parties or by order of the Court.

All deponents who request to read and sign, shall read, sign and return the deposition transcript within forty-five (45) days after receiving a copy of the deposition transcript.

**(h)     Supplementation**

Rule 26(e) supplements are due within thirty (30) days of receipt of information necessitating supplementation, but in no event after the close of discovery on: <u>March 31, 2026</u>.

**(i)     <u>Joining Additional Parties and Amending Pleadings</u>**

Plaintiff should be allowed until <u>July 31, 2025</u> to join additional parties and to amend the pleadings.

Defendant should be allowed until <u>September 30, 2025</u> to join additional parties and to amend the pleadings.

**(j)     Electronically Stored Information (ESI)**

Disclosure or discovery of electronically stored information should be handled as follows:

> The parties will take appropriate steps to preserve electronic data and will notify all other individuals who may have electronically sored information relevant to the matters set forth in the Complaint and Answers of their obligation to preserve electronic data. The parties will separately submit a proposed protocol for production of electronically stored information.

(k)     **Privileged and Confidential Information**

There is no agreement to an order regarding claims of privilege or of protection as trial preparation material asserted after production. The parties shall be reasonable and comply with Federal Rule of Civil Procedure 26(b)(5) should the issues of privilege and/or protection as trial preparation material arise.

The parties will separately submit to the Court a proposed protective order for the protection of confidential information. All protective orders shall comply with Section T(1)(a)7 of the Policy Manual of the Eastern District of North Carolina.  Local Civil Rule 79.2.

(l)     **Notice of Service of Subpoena and Copies of Records**

The parties shall serve electronically upon the opposing party copies of all subpoenas and subpoenas *duces tecum* served, no matter on whom served, and shall serve electronically upon the opposing party all materials received pursuant to said subpoena(s). *See* FRCP 30(b)(1) and 45.

A party "may not release a person from a subpoena without notice to opposing counsel and leave of court."  *See* Local Civil Rule 45.1.

(m)     **Reasonableness**

The parties shall be reasonable throughout discovery and consult with each other throughout the discovery period should any issues arise.

4.  **Other Items**

(a)  **Judicial Intervention**

This case does not need early judicial intervention due to complexity or other factors.

(b)  **Pre-Scheduling Order Conference**

The parties do not request a conference with the Court before entry of the scheduling order.

(c)  **Mediation**

Because the United States is a party, this case was not selected for mediation per Local Civil Rule 101a (b).  The parties are interested in mediation at a mutually convenient time after service of all of Plaintiff's Rule 26(a)(2)(B) and 26(a)(2)(C) expert designations and summaries.

The parties prefer mediation with a private mediator. Should private mediation fail, the parties would be interested in court-hosted mediation per Local Civil Rule 101.2. Mediation should not be held prior to the close of discovery on March 31, 2026.

(d)  **Dispositive Motions**

All potentially dispositive motions should be filed by: April 30, 2026.

(e)  **Pre-Trial Conference**

The parties request a pretrial conference in: August 2026.

(f)  **Trial**

The case shall be ready for trial in: September 2026.

8

The parties agree the trial should take approximately 2 days.

(g)     **Late Developments in Case**

The parties agree immediately or as quickly as practicable to inform the Court, opposing counsel, and counsel in the next succeeding two (2) cases on the trial calendar of any settlement or of any development of an emergency that may necessitate a motion for continuance of the trial. *See* Local Civil Rule 39.2.

**(h)     Scheduling Conflicts Affecting Counsel or Parties.**

Plaintiff's Counsel: The undersigned counsel has out-of-office commitments June 30 through July 4, 2025; November 24 through 28, 2025; and December 19, 2025, through January 2, 2026.

Defendant United States: The undersigned AUSA has out-of-office commitments May 12-16, 2025, June 2-10, 2025, and November 3-14, 2025.

Respectfully submitted this 23rd day of April, 2024.

| | |
|---|---|
| James E. Rogers, PA | DANIEL P. BUBAR<br>Acting United States Attorney |
| BY: /s/ James E. Rogers<br>Attorney for Plaintiff<br>Post Office Box 25198<br>Durham, NC 27701<br>Telephone: (919) 682-4545<br>E-mail: james@jameserogers.com<br>NC Bar 14290 | BY: /s/ Sharon C. Wilson<br>Attorney for Defendant<br>Assistant United States Attorney<br>Civil Division<br>150 Fayetteville Street<br>Suite 2100<br>Raleigh, NC 27601<br>Telephone: (919) 856-4026<br>Facsimile: (919) 856-4821<br>E-mail: Sharon.Wilson2@usdoj.gov<br>NC Bar 18435 |

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this 23rd day of April, 2025, served a copy of

the foregoing by placing a copy of the same in the U.S. Mail and/or electronically,

addressed as follows:


James E. Rogers
James E. Rogers, PA
Post Office Box 25198
Durham, NC 27701

Attorney for Plaintiff


BY: /s/ Sharon C. Wilson___
SHARON C. WILSON
Attorney for Defendant
Assistant United States Attorney
Civil Division
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4026
Facsimile: (919) 856-4821
E-mail: Sharon.Wilson2@usdoj.gov
NC Bar 18435